IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO. CR505-020 |
| v. ) | |
| ) | |
| TRISTON JOHNSON, a/k/a "Big Trick" ) | |
| MICHAEL RILES. KIEEMA DAVIS, ) | |
| NATHAN GLOVER, DAVID LEE JONES, ) | |
| and LASHEROL BURROUGHS ) | |

## ORDER

Defendant David L. Jones ("Jones") is charged with violating 21 U.S.C. § 846, Conspiracy to Distribute 50 Grams or More of Cocaine Base (Crack) and a quantity of Cocaine Hydrochloride (powder). Jones filed a Motion to Sever Parties (Doc. No. 102). The undersigned conducted a hearing on March 7, 2006.

### STATEMENT OF THE CASE

Jones's theory of his defense is that he did not participate in the alleged conspiracy during the relevant time period. Jones contends that he is entitled to severance from the remaining co-defendants because only two incidents involved Jones during the applicable time period, February 2005 to July 2005. Jones has been in custody since July 1, 2005 and he did not participate in the conspiracy after that date. In one of the incidents, police stopped a vehicle driven by Defendant Burroughs with Jones as a passenger. Although no drugs were found in the vehicle, police discovered $28,000. Jones asserts that Burroughs has made statements indicating that Jones had no connection to this money.

AO 72A
(Rev. 8/82)

Jones contends that Burroughs obtained this money legally and was going to use it to pay for her mobile home.

Jones avers that, during the second incident, police recognized him and quickly approached him. Jones states that he, along with other individuals in the area, ran from police. Jones asserts that Police found a bag of cocaine in the area through which Jones ran. Jones alleges that the bag of cocaine did not belong to him and that another individual dropped it. Jones contends that when police apprehended him, they did not find cocaine or any other evidence of drugs on him and did not test his hands for cocaine residue. Jones supports these contentions with testimony from the arresting officers, provided at his probation revocation hearing and committal hearing. During this incident, none of the other Defendants were with Jones; however, Defendant Burroughs was in the street unloading her car and witnessed the event.

Jones contends that statements provided by witnesses do not support his participation in the conspiracy. Jones asserts that if the parties are severed, Defendant Burroughs will testify in Jones's trial, on his behalf, regarding both of the above set forth incidents. Jones contends that if the motion to sever is denied, Defendant Burroughs will not testify.

The Government avers that Jones is merely providing evidence of his innocence and does not satisfy the requirements necessitating severance. The Government argues that the co-defendant testimony rule is only applicable when co-defendants' defenses are irreconcilable.

**DISCUSSION AND CITATION TO AUTHORITY**

Joint trials of defendants who have been indicted together are preferred in the federal system in order to promote efficiency and to avoid inconsistent verdicts. Zafiro v. United States, 506 U.S. 534, 537-39, 113 S. Ct. 933, 937, 122 L. Ed.2d 317 (1993) (citing Richardson v. Marsh, 481 U.S. 200, 209, 107 S. Ct. 1702, 95 L. Ed.2d 176 (1987)); United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005). However, if it appears a defendant or the government is prejudiced by a joinder of defendants for trial, the Court may grant a severance or provide other relief that justice requires. See FED. R. CRIM. P. 14(a). Some degree of bias is inherent in every joint trial and severance is warranted only in compelling cases. Baker, 432 F.3d at 1236.

When deciding a motion to sever parties, a court must balance the defendant's right to a fair trial against the public's interest in efficient and economic administration of justice. Baker, 432 F.3d at 1236 (citing United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985)). Severance is granted only when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to the conduct of his or her defense, resulting in "fundamental unfairness." United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995) (internal citations omitted). Compelling prejudice does not occur "simply because much of the evidence at trial is applicable only to his co-defendants, even when the disparity is 'enormous'." Baker, 432 F.3d at 1236. (citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)) (internal citations omitted).

Further, where a defendant argues for severance on the grounds that it will permit the exculpatory testimony of a co-defendant, he "must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect

3

of the desired testimony; and (4) that the co-defendant would indeed have testified at a separate trial." Baker, 432 F.3d at 1239 (citing United States v. Cobb, 185 F.3d 1193, 1197-98 (11th Cir.1999)). Even if the Defendant satisfies these requirements, the court must also: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." Baker, 432 F.3d at 1239.

In the instant case, Jones has not satisfied the requirements for severance. Although Jones states that Defendant Burroughs would only be willing to testify if Jones's case is severed from the remaining Defendants, Jones has not established that there is a bona fide need for the testimony, given its substance and loose exculpatory nature. First, the credibility of the testimony is questionable, particularly given Jones's failure to present evidence that Defendant Burroughs's testimony would not be contrary to her defense. See Baker, 432 F.3d at 1240 (stating that a District Court is justified in the denial of severance when the testimony, as presented in an affidavit, is in no way contrary to a co-defendant's own interests). Contradictions exist between Defendant Burroughs's and the arresting officers' testimony provided at Jones's probation revocation hearing. (See, e.g., Def.'s Ex. 2, p. 20, 51-57.)

Further, the evidence and factual conclusions Jones wishes to enter in his defense may be established through cross-examination of arresting officers or through testimony by Jones himself. For example, Burroughs's potential testimony regarding the possession of money can be established through Jones's own testimony and cross-examination of officers who stopped Burroughs's car. It is also reasonable to assume that Burroughs's

4

defense would present evidence regarding the origin and use of the money found in the vehicle. Effective cross-examination would also establish Jones's contentions that inaccurate testimony has portrayed incorrect assumptions of his participation in this alleged conspiracy.

Jones has also attempted to narrow the time period and scope of the conspiracy charge against him; however, limited involvement in a conspiracy alone does not justify severance. See Baker, 432 F.3d at 1236. Given the strong preference against severing co-defendants brought under the same indictment, as well as the interests of judicial administration and efficiency, Jones has not presented a compelling case for severance. Jones will not be unfairly prejudiced when facing the conspiracy charges against his co-defendants at trial.

Accordingly, the Motion to Sever Parties filed by Defendant Jones is **DENIED**.

So **ORDERED**, this 10th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)